# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARC S. CASON, SR.                              :

                                              :

                                              :

                                              :

      v.                              :                         Civil No. CCB-03-2435

                                              :

                                              :

                                              :

MARYLAND DEPARTMENT OF PUBLIC  :
SAFETY AND CORRECTIONAL SERVICES   :
DIVISION OF CORRECTION, et. al.                 :

## MEMORANDUM

      Marc Cason, Sr. ("Cason"), an inmate at the Western Correctional Institution ("WCI") in

Cresaptown, Maryland, who suffers from paralysis, has filed a complaint against the Maryland

Department of Public Safety and Correctional Services Division of Correction ("DOC") alleging that

the DOC failed to accommodate his disability in violation of Title II of the Americans with Disabilities

Act ("ADA"), 42 U.S.C. § 12131 *et seq.* and that his Eighth Amendment rights have been violated.  In

his claim under Title II of the ADA, Cason requests monetary damages as well as injunctive relief.  In

response, the DOC filed a motion to dismiss Cason's claim for monetary damages under Title II of the

ADA, arguing that, as a state agency, the DOC is entitled to sovereign immunity under the Eleventh

Amendment.  The parties have fully briefed the motion and no hearing is necessary.  Local Rule 105.6.

Having reviewed the parties' briefs, I have concluded that the Eleventh Amendment prohibits Cason

from recovering money damages under Title II of the ADA because Congress did not validly abrogate

immunity under the present circumstances.  Accordingly, the DOC's motion to dismiss Cason's claim

for money damages under the ADA will be granted.  This opinion expresses no judgment or position

regarding Cason's claim under the Eighth Amendment or his requests for injunctive relief.

## ANALYSIS

The Eleventh Amendment prohibits suit in federal court for monetary damages against an

unconsenting State or state officials acting in their official capacity.  *See Wessel v. Glendening*, 306

F.3d 203, 207 (4th Cir. 2002); *Ballenger v. Owens,* 352 F.3d 842, 844-45 (4th Cir. 2003); *Lewis v.*

*Bd. of Ed.,* 262 F.Supp.2d 608, 612 (D. Md. 2003).  Maryland has not consented to suit in federal

court.  Consequently, as a Maryland state agency, the DOC and its officers are protected from most

damages claims.  While states generally are protected by the Eleventh Amendment, under certain

circumstances Congress may abrogate that immunity.  *Wessel*, 306 F.3d at 207 (citing *Seminole Tribe*

*of Fla. v. Florida*, 517 U.S. 44, 55 (1996)).  "In order to determine whether Congress has abrogated

the States' sovereign immunity, we ask two questions: first, whether Congress has 'unequivocally

expresse[d] its intent to abrogate the immunity;' and second, whether Congress has acted 'pursuant to

a valid exercise of power.'"  *Seminole Tribe of Fla.*, 517 U.S. at 55 (internal citations omitted).  In

enacting the ADA, Congress unequivocally expressed its intent to abrogate.  *See Wessel*, 306 F.3d at

208 (citing 42 U.S.C. § 12202).  The question presently before the court is whether Congress's

attempt to abrogate states' immunity represents a valid exercise of power with respect to claims

brought by inmates under Title II of the ADA against state correctional facilities.

In *Wessel*, 306 F.3d 203, the Fourth Circuit addressed this precise issue.  Like Cason, *Wessel*

involved a plaintiff in the custody of the DOC who alleged that his rights were violated under Title II of

the ADA because he was discriminated against based on his disability.  *Id*. at 206.  Following the

2

Supreme Court's guidance in *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356,

374 (2001) (holding that actions brought under Title I of the ADA are barred against states because

Congress did not validly abrogate the immunity provided in the Eleventh Amendment), the Fourth

Circuit held that in enacting Title II of the ADA, Congress did not validly abrogate the sovereign

immunity of the states under the Eleventh Amendment.  *Wessel*, 306 F.3d at 215.

    In reaching its conclusion, *Wessel* applied the three step "congruence and proportionality" test[1]

to determine whether Congress had the authority under Section 5 of the Fourteenth Amendment to

abrogate immunity.  *Wessel* began by looking at the constitutional right at issue, noting that disabled

individuals are not a suspect or quasi-suspect class under the Equal Protection Clause; as a result, state

action affecting the disabled is only subject to rational basis review.  *Id*. at 210.  Next, *Wessel*

considered whether Congress adequately identified a pattern of unconstitutional discrimination.  Though

the Fourth Circuit noted that Congress provided lengthy findings of discrimination against disabled

individuals, it found those findings insufficient to support abrogation because they did not amount to a

"pattern" of discrimination by states[2] and the discrimination cited by Congress was not necessarily

irrational.  *Id*. at 211-12.  As a result, *Wessel* concluded that "Congress did not have an adequate

--------

[1]The three steps of the test are: 1) identifying "'with some precision the scope of the
constitutional right at issue;'" 2) "'whether Congress identified a history and pattern of unconstitutional
... discrimination by the states;'" and 3) "if the congressional record establishes such a pattern, we must
determine whether the legislation is congruent and proportional to the identified wrong, *i.e.*, whether it is
'responsive to, or designed to prevent, unconstitutional behavior.'"  *Id*. at 209 (quoting *Garrett,* 531
U.S. at 365-74; *City of Boerne v. Flores*, 521 U.S. 507, 532 (1997)).

[2]For example, while Congress noted a pattern of discrimination by law enforcement officials
and public schools, the Fourth Circuit noted that these entities are part of local governments and do not
constitute state actors under the Eleventh Amendment.  *Wessel*, 306 F.3d at 212.

record of unconstitutional discrimination by states against the disabled to support abrogation." *Id*. at

213.[3]  Furthermore, *Wessel* explained that even if the record before Congress was adequate, the

abrogation would not be valid because it fails the "congruence and proportionality test," finding that

Title II requires far more than the Constitution would require.  *Id*. at 214 (quoting *Garrett*, 531 U.S. at

372).

Two years after *Wessel*, in *Tennessee v. Lane*, 541 U.S. 509 (2004), the Supreme Court

addressed whether Congress validly abrogated the sovereign immunity of states in enacting Title II, but

it did so in a different context.  *Lane* involved two plaintiffs who were unable to gain access to state

courthouses because the courthouses could not accommodate their disabilities.  In *Lane*, the Supreme

Court distinguished *Garrett* and applied the three-part congruence and proportionality test to hold

"that Title II legislation is unquestionably valid § 5 legislation as it applies to the class of cases

implicating the accessibility of judicial services."  *Id*. at 531.  Rather than consider Title II as a whole,

however, the Court expressly limited the breadth of its holding, stating "because this case implicates the

right of access to the courts, we need not consider whether Title II's duty to accommodate exceeds

what the Constitution requires in the class of cases that implicate only *Cleburne*'s prohibition on

irrational discrimination."  *Lane*, 541 U.S. at 1994, n. 20.

*Lane* explicitly limited its holding to the fundamental right of access to courts and involved a

factual situation different from that presented in *Wessel*.  Since *Lane* was decided, other courts have

_____

[3]This aspect of *Wessel*'s holding is called into question by *Lane*.  *See Lane*, 541 U.S. at 528-29; *see also Miller v. King*, 384 F.3d 1248, 1272 (11th Cir. 2004); *Cochran v. Pinchak*, 401 F.3d 184, 191 (3rd Cir. 2004).

declined to extend its reach beyond its narrow holding.  In *Cochran v. Pinchak*, 401 F.3d 184, 191-93 (3rd Cir. 2004), a case brought by a state prison inmate, the Third Circuit distinguished *Lane*, stating that "Title II's affirmative duty to accommodate Cochran's asserted disability needs is not congruent and proportional to New Jersey's wide latitude in making classifications among prisoners that are rationally related to a legitimate government interest." *Id*. at 193.  *Cochran* noted that under the Equal Protection Clause, in the context of a disability "[a] State may treat similarly situated individuals differently so long as the classification meets the rational basis test." *Id.* at 193.  Similarly, the Eleventh Circuit distinguished *Lane*, stating "what makes this case radically different from *Lane* is the limited nature of the constitutional right at issue and how Title II, as applied to prisons, would substantively and materially rewrite the Eighth Amendment." *Miller v. King*, 384 F.3d 1248, 1273 (11th Cir. 2004). *Miller* held that "Title II prohibits far more state conduct and in many more areas of prison administration than conceivably necessary to enforce the Eighth Amendment's ban on cruel and unusual punishment....  A requirement of reasonable accommodations for a qualified, disabled prisoner...bears no permissible prophylactic relationship to deterring or remedying violations of disabled prisoners' right to be free from cruel and unusual punishment." *Id*. at 1274.  *See also Haas v. Quest Recovery Services, Inc.*, 338 F.Supp.2d 797, 803 (N.D. Oh. 2004) (holding that the State was entitled to immunity under the Eleventh Amendment because *Lane* was limited to "the constitutional right of access to the courts" and that the plaintiff's claims "sound in equal protection"); *McNulty v. Bd. of Educ. Of Calvert County*, 2004 WL 1554401 (D. Md. 2004) (holding that because *Lane* is not applicable to non-fundamental rights, Eleventh Amendment immunity remains intact for education claims under Title II of the ADA").

Cason's claims do not implicate his right of access to the courts, but rather his rights under the Equal Protection Clause and the Eighth Amendment as in *Miller* and *Cochran*.  Consequently, considering the Fourth Circuit's opinion in *Wessel*, the explicit narrowness of *Lane*'s holding, and other Circuits' interpretations of *Lane*, Cason's claims for monetary damages under Title II of the ADA must be dismissed.  Maryland is entitled to sovereign immunity under the Eleventh Amendment.

A separate order follows.


<table>
<tr><td>__June 9, 2005_____</td><td>_____/s/_____</td></tr>
<tr><td>Date</td><td>Catherine C. Blake<br>United States District Judge</td></tr>
</table>